UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYCE JOSEPH BERTRAM<br><br>Defendant. | Case No. 4:23-cr-00107-DCN-1<br><br>**REPORT AND RECOMMENDATION** |

On March 28, 2024, Defendant BRYCE JOSEPH BETRAM appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

REPORT AND RECOMMENDATION - 1

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (A) f subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government moved for detention and a detention hearing was held on May 24, 2023. (Dkt. 17). Defendant was ultimately released on conditions, including being released into the third-party custody of his wife. (Dkt. 18). Defendant has also been receiving ongoing mental health treatment since his release, and per Defendant's counsel, he wishes to continue with his treatment. United States Probation filed a release status report to the Court on March 25, 2024. (Dkt. 30). The report noted that since his release, Defendant has maintained overall compliance with the conditions of his release. (Dkt. 30). He has maintained communication with the probation officer and regularly attended mental health counseling. (Dkt. 30). The Government has offered no information or reason to believe Defendant is at an enhanced risk of flight or danger to the community at this time.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's mental health that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a

REPORT AND RECOMMENDATION - 2

danger to the community if release is continued, the Court recommends release be continued. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant BRYCE JOSEPH BERTRAM's plea of guilty to Count ONE of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant BRYCE JOSPEH BETRAM's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement.

3) The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Count TWO of the Indictment (Dkt. 2) as to Defendant BRYCE JOSEPH BETRAM.

4) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 18.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: March 28, 2024

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE